IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AMERICAN FUNERAL & CEMETERY                 CV. 06-1245-PK
TRUST SERVICES

                                                     FINDINGS AND
                Plaintiff,                    RECOMMENDATION

v.

CELESTIAL BURIAL CASE, INC.,
CELESTIAL LIFE PLANNING, INC., JOE
STABILE, individually, RAPID FUNDING, LLC,
CHARLES BIRDSONG, LELAND F. KIRK,
CHARLES T. ROGERS, and the JOHN AND
JANE DOES THIRD-PARTY CLASS,

                    Defendants.

PAPAK, Magistrate Judge:

       Plaintiff American Funeral & Cemetery Trust Services ("AFCTS") filed this statutory

interpleader action to resolve conflicting claims for the proceeds of a trust account that AFCTS

administered on behalf of Celestial Burial Case, Inc. ("Celestial Burial").   None of the

defendants have appeared.  AFCTS has filed a Motion for Judgment of Default (No. 27), and

Page 1 - FINDINGS AND RECOMMENDATION

asks the court to enter default judgment on behalf of AFCTS and against all named defendants, transfer all interpleaded funds to U.S. District Court for the Western District of Pennsylvania to be disbursed to victims in a related fraud case, and dismiss this action with prejudice.

For the reasons that follow, AFCTS's Motion for Judgement of Default should be granted.

## FACTUAL BACKGROUND

In 2001, AFCTS entered into a written trust agreement with Celestial Burial whereby AFCTS agreed to hold and manage client trust funds paid to Celestial Burial in a master trust. AFCTS was to hold the funds and pay Celestial Burial for death benefit claims made by clients of Celestial Burial.

In 2004, AFCTS received a subpoena from the United States Attorney's Office for the Western District of Pennsylvania regarding its investigation into Celestial Burial, Celestial Life Planning ("Celestial Life"), and Joseph Stabile (a principal for Celestial Burial and Celestial Life). AFCTS complied with the subpoena.

Shortly thereafter, AFCTS discovered that someone had copied AFCTS checks and forged signatures on those AFCTS checks in the amount of approximately $100,000. In 2005, AFCTS began receiving direct requests for payment from Celestial Burial clients (instead of through Celestial Burial as per the trust agreement).

In early 2006, AFCTS terminated the trust agreement with Celestial Burial and filed this interpleader action. AFCTS deposited the entire proceeds of the trust, $55,443.71, with the Clerk of the Court, for the District of Oregon.

In April 2007, Assistant United States Attorney Stephen Stallings contacted AFCTS

Page 2 - FINDINGS AND RECOMMENDATION

regarding a case, *US v. Stabile*, 07-cr-148, pending in the Western District of Pennsylvania. According to Stallings, Stabile pled guilty to four federal felonies in connection with a multi-year fraud scheme involving Celestial Burial and Celestial Life.  The loss suffered by the victims of the fraud is estimated to be between 1 million and 2.5 million dollars. Stallings requested that the AFCTS funds be transferred to the Western District of Pennsylvania to be disbursed to those victims. As part of his plea agreement, Stabile agreed to execute any documents necessary to effect restitution, including any documents required in connection with this interpleader action.

## ANALYSIS

This court has jurisdiction over this statutory interpleader action pursuant to 28 U.S.C. 1335 because the proceeds at stake exceed $500 and two or more of the adverse claimants are citizens of different states.

Interpleader allow a disinterested stakeholder[1] to join in a single action those parties who are asserting or might assert claims to a common fund held by the stakeholder. See 7 Charles A. Wright et al., Federal Practice and Procedure § 1702, at 493 (2d ed. 1986).  An interpleader action involves two procedural stages: during the first stage the district court determines whether the stakeholder may interplead the adverse claimants and be relieved from liability; during the second, the respective rights of the adverse claimants are resolved.   First Interstate Bank of Oregon, N.A. v. U.S. By and Through I.R.S., 891 F. Supp. 543, 546-48 (D. Or. 1995) (citations omitted).

In an action for "statutory interpleader," a disinterested insurance company facing

---

[1]The term "stakeholder" is used in interpleader actions to describe a person or entity who holds a fund to which adverse claims are made, but who has no claim or interest in the fund.

multiple claims for one fund may pay the fund into the registry of the court and be discharged from any further liability.  28 U.S.C. 2361.  Furthermore, the court may enjoin all claimants from instituting or prosecuting any legal action for payment or recovery of the proceeds at stake.  Id.

None of the defendants have appeared in this action.  Counsel for defendant Rapid Funding informed AFCTS that it does not object to the default and transfer and has stated that it will no longer assert a claim for any of the funds if the funds are transferred.  AFCTS has agreed to waive its right to collect attorney fees and costs from the deposited funds.

Because none of the defendants have appeared  in this matter, AFCTS is entitled to default. FRCP 55.  "A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." FRCP 54©). AFCTS's request that the court transfer the interpleaded funds to the Western District of Pennsylvania falls within its prayer for "such other and further relief as this court may deem appropriate and just."

CONCLUSION

For the reasons set forth above, AFCTS's Motion for Judgment of Default (No. 27) should be GRANTED, default should be entered against each of the named defendants and a judgment should be prepared in favor of AFCTS and against all named defendants as follows: (1) ordering that the interpleaded fund, in its entirety, be transferred to the Clerk of the Court for the Western District of Pennsylvania for determination of victim's entitlement to the interpleaded funds in case 07-CR-148; (2) dismissing AFCTS with prejudice and enjoining defendants from asserting any further claims against AFCTS with respect to the interpleaded fund; and (3) dismissing this action with prejudice.

SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review.  Objections, if any, are due August 28, 2007.  If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.  If objections are filed, a response to the objections is due fourteen days after the date the objections are filed and the review of the Findings and Recommendation will go under advisement on that date.

IT IS SO ORDERED.

Dated this 14th day of August, 2007.


  /s/ Paul Papak                             
Honorable Paul Papak
United States Magistrate Judge